UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CURTIS W.[1]                                          Case No. 1:23-cv-329

        Plaintiff,                               Cole, J.
v.                                                    Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

        Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff Curtis W. filed this Social Security appeal in order to challenge the Defendant's finding that he is not disabled.  *See* 42 U.S.C. § 405(g).  Proceeding through counsel, Plaintiff presents three claims of error, all of which the Defendant disputes.  As explained below, the Administrative Law Judge (ALJ)'s finding of non-disability should be **REVERSED AND REMANDED**, because it is not supported by substantial evidence in the administrative record.

**I. Summary of Administrative Record**

On December 23, 2020, Plaintiff filed an application for Supplemental Security Income ("SSI"), alleging he became disabled on January 1, 2020, based upon a combination of physical and mental impairments. After his claim was denied initially and upon reconsideration, Plaintiff requested an evidentiary hearing before an Administrative Law Judge ("ALJ").  Thereafter, a video hearing was held on May 5, 2022, before ALJ Gregory Kenyon; wherein Plaintiff, represented by counsel, and a vocational expert (VE)

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.  *See* General Order 22-01.

testified. (32-66). On August 31, 2022, the ALJ issued an adverse written decision, concluding that Plaintiff was not disabled. (Tr. 15-26).

Plaintiff was born in 1979 and was 41 years old on the date of his application. (Tr.25). He had a limited education and attended high school until the eleventh grade. He has past relevant work as a groundskeeper. (Tr. 25).

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "residuals of a right ankle fracture, residuals of a right tibial fracture, degenerative joint disease (DJD) of the right knee, depression, post-traumatic stress disorder (PTSD), and anxiety disorder." (Tr. 17). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform sedentary work subject to the following limitations:

> (1) occasional crouching, crawling, kneeling, stooping, balancing, and climbing of ramps and stairs; (2) no climbing of ladders, ropes, or scaffolds; (3) no work around hazards such as unprotected heights or dangerous machinery; (4) limited to jobs in which he would be permitted to use a cane for assistance when ambulating; (5) simple, routine, repetitive 1-3 step tasks; (6) occasional superficial contact with co-workers and supervisors (superficial contact is defined as able to receive simple instructions, ask simple questions, and receive performance appraisals but as unable to engage in more complex social interactions such as persuading other people or resolving interpersonal conflicts); (7) no public contact; (8) no fast paced work; (9) no high production quotas; and (10) limited to performing jobs which involve very little, if any, change in the job duties or the work routine from one day to the next.

(Tr. 19-20). Based upon his RFC and testimony from the vocational expert, the ALJ concluded that Plaintiff could not perform his prior work but could perform other jobs that exist in significant numbers in the national economy, including bench assembler, table

worker, and weight tester. (Tr. 25-26). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to SSI. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by: (1) failing to properly evaluate Plaintiff's use of a cane; (2) failing to address Plaintiff's need to elevate his leg and his need to alternate between sitting and standing; and (3) failing to properly explain why Plaintiff does not meet listing 1.18. Upon close analysis, I find Plaintiff's third assignment of error to be dispositive. As such, this matter should be remanded for further fact-finding.

**I.      Analysis**

**A.  Judicial Standard of Review**

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation

omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); *see also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528-29 (6th Cir. 1997) (explaining sequential process); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's Decision is not supported by Substantial Evidence**

As noted above, Plaintiff argues that that the ALJ erred at step three of the evaluation process by failing to properly consider whether Plaintiff's impairments met or equaled Listing 1.18. Namely, Plaintiff contends, *inter alia*, that the ALJ failed to clearly articulate why he found that Plaintiff did not meet Listing 1.18. As such, Plaintiff argues the Court is unable to engage in meaningful review of the ALJ's decision. The undersigned agrees.

In the third step of the analysis to determine a claimant's entitlement to disability benefits, it is the claimant's burden to bring forth evidence to establish that his impairments meet or are medically equivalent to a listed impairment. *Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987). In order to meet a listed impairment, the claimant must show that his impairment meets all of the criteria for that listing. *Hale v. Sec'y of Health and Human Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987); 20 C.F.R. §§ 404.1525(c)(3), 416.925(c)(3). If his conditions do not meet a listing, a claimant may prove that they medically equal the criteria of a listing. 20 C.F.R. §§ 404.1525(c)(5), 416.925(c)(5). An impairment or combination of impairments is considered medically equivalent to a listed impairment "if the symptoms, signs and laboratory findings as shown in medical evidence are at least equal in severity and

5

duration to the listed impairments." *Land v. Sec'y of Health and Human Servs.*, 814 F.2d 241, 245 (6th Cir. 1986) (per curiam); 20 C.F.R. §§ 404.1526(b), 416.926(b); see *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) ("A claimant cannot qualify for benefits under the 'equivalence' step by showing that the overall functional impact of [his] unlisted impairment or combination of impairments is as severe as that of a listed impairment.") (emphasis added).

When evaluating whether a claimant meets or equals a listed impairment, an ALJ must "actually evaluate the evidence, compare it to [the relevant listed impairment], and give an explained conclusion, in order to facilitate meaningful judicial review." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 416 (6th Cir. 2011). Otherwise, "it is impossible to say that the ALJ's decision at Step Three was supported by substantial evidence." Id. (citations omitted). On the other hand, an ALJ's explanation of her step-three determination need not be elaborate. The Sixth Circuit Court of Appeals has consistently rejected a heightened articulation standard, noting in *Bledsoe v. Barnhart* that the ALJ is under no obligation to spell out "every consideration that went into the step three determination" or "the weight [she] gave each factor in [her] step three analysis," or to discuss every single impairment. 165 F. App'x 408, 411 (6th Cir. 2006). Nor is the procedure so legalistic that the requisite explanation and support must be located entirely within the section of the ALJ's decision devoted specifically to step three; the court in *Bledsoe* implicitly endorsed the practice of searching the ALJ's entire decision for statements supporting his step three analysis. See id

Here, at step three of the sequential evaluation the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Plaintiff argues that the record contains sufficient evidence that he met the criteria for Listing 1.18. Notably, Listing 1.18 requires:

(A) Chronic joint pain or stiffness; and

(B) Abnormal motion, instability, or immobility of the affected joint(s); and

(C) Anatomical abnormality of the affected joint(s) noted on

(1) Physical examination (for example, subluxation, contracture, or bony or fibrous ankylosis) or

(2) Imaging (for example, joint space narrowing, bony destruction, or ankylosis or arthrodesis of the affected joint); and

(D) Impairment-related physical limitation of musculoskeletal functioning that has lasted, or is expected to last, for a continuous period of at least 12 months and medical documentation of at least one of the following:

(1) A documented medical need (see 1.00C6a) for a walker, bilateral canes, or bilateral crutches (see 1.00C6d) or a wheeled and sealed mobility device involving the use of both hands (see 1.00C6e(i)); or

(2) An inability to use one upper extremity to independently initiate, sustain, and complete work-related activities involving fine and gross movements (see 1.00E4), and a documented medical need (see 1.00C6a) for a one-handed, hand-held assisted device (see 1.00C6d) that requires the use of the other upper

7

extremity or a wheeled and seated mobility device involving the use of one hand (see 1.00C6e(ii)); or

(3) An inability to use both upper extremities to the extent that neither can be used to independently initiate, sustain, and complete work-related activities involving fine and gross movements (see 1.00E4).

20 C.F.R. § Pt. 404, Subpt. P. App. 1 § 1.18.

Namely, Plaintiff notes the record indicates that he has "anatomical abnormality of the affected joint" noted by imaging. As such, Plaintiff contends the only remaining issue is whether he has a documented medical need for "a walker, bilateral canes, or bilateral crutches." See Listing 1.18(D). In this regard, Plaintiff contends the record shows that he uses crutches "every day[,] all day," (Tr. 51), and medical providers supplied Plaintiff crutches. (Tr. 777, 1067, 1072). The record also noted "he is supposed to use crutches for safety," (Tr. 1137). [2]

With respect to Listing 1.18, the ALJ's decision states *in toto*:

The claimant's impairments do not meet listing 1.18, abnormality of a major joint in any extremity, documented by A, B, C, and D. The claimant does not demonstrate (A.) chronic joint pain stiffness, AND (B.) an abnormal motion, instability, or immobility of the affected joint, AND (C.) an anatomical abnormality of the affected joints noted on: (1) physical examination; or (2) imaging, AND (D.) impairment-related physical limitation of musculoskeletal functioning that has lasted, or is expected to last, for a continuous period of at least 12 month, and medical documentation of at least one of the

---

[2] Plaintiff further notes that medical sources documented his need for crutches throughout the record. See Tr. 724–25 (describing Plaintiff's ability to static stand with crutches); Tr. 1072 ("Was taken to ER and had x-ray and given crutches and told not to walk until saw doctor or swelling came down."); Tr. 724–25 (describing Plaintiff's ability to static stand with crutches); Tr. 1119 (Wright able to walk with bilateral crutches, despite inconsistent ability to do so across appointments); Tr. 1144 (same); Tr. 1150 (same); Tr. 1142 ("OBJECTIVE FINDINGS: Gait: Ambulates PWB with bilateral axillary (sic) crutches."); Tr. 1149 (same); Tr. 1159 ("Subjective: . . . Doctor told Curtis to keep using crutches and to begin W B"); Tr. 1161 ("Assessment: . . . pt instructed to use B crutches for all ambulation"); Tr. 1198–99 ("ASSESMENT and PLAN: . . . Continue weight-bear as tolerated with crutches").

8

>  following: (1) a documented medical need for a walker, bilateral canes, bilateral crutches, or a wheeled and seated mobility device involving the use of both hands; or (2) an inability to use one upper extremity to independently initiate, sustain, and complete work-related activities involving fine and gross movements, and a documented need for a one-handed, hand-held assistive device that requires the use of the other upper extremity or a wheeled and seated mobility device involving the use of one hand; or (3) an inability to use both upper extremities to the extent that neither can be used to independently initiate, sustain, and complete work-related activities involving fine and gross movements.

(Tr. 17-18).

The Commissioner argues that substantial evidence supports the ALJ's finding that Plaintiff's impairments did not meet or medically equal any of the medical listings in Social Security regulations. 20 C.F.R. Part 404, Subpart P, Appendix 1. In this regard, the Commissioner contends that the record does not document a medical need by Plaintiff for crutches for 12 continuous months, in order to meet or equal listing 1.18. [3] In support of this contention, the Commissioner points to treatment notes from September 2021 indicating that Plaintiff was "ambulating without crutches today." (Tr. 1137). The Commissioner also noted that Plaintiff also cited to a May 2021 treatment note which indicated he was given a new "fracture walker" (a boot) following a right foot injury but did not mention crutches or an assistive device that would impair the use of his hands as required by 1.18(D)(1). (Tr. 777).

Additionally in June 2021, a physical therapy evaluation documented that Plaintiff used a boot and "ambulates on a daily basis." (Tr. 937). Also, in the "prior level of function" section of the June 2021 physical therapy evaluation, the therapist recorded that Plaintiff

---

[3] The Commissioner appears to concede that the requirements of Listing 1.18 are met with the exception of "a documented medical need for a walker, bilateral canes, bilateral crutches, or a wheeled and seated mobility device involving the use of both hands." See 20 C.F.R. § Pt. 404, Subpt. P. App. 1 § 1.18. (D)(1).

9

had been wearing a walking boot for several months following an ankle fracture, but that he also "reported he can ambulate without assistive device." (Tr. 938). Accordingly, the Commissioner argues that medical source documentation shows Plaintiff not using crutches during the relevant period that shows there was not a "documented medical need" for crutches for a continuous period of 12 months as required by 1.00C6a.

The Commissioner further asserts that elsewhere in the decision, the ALJ addressed Plaintiff's use of assistive devices and found the record supported the use of a "cane for assistance when ambulating" but not crutches, a bilateral walker, or bilateral canes as required by listing 1.18(D)(1). (Tr. 23). Because an ALJ's decision must be read as a whole, this analysis should be considered part of the medical listing's evaluation. *See Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) (ALJ's decision must be read as a whole). The Commissioner's arguments are unavailing.

At the outset, the undersigned finds that the ALJ's decision is not supported by substantial evidence because it simply states that Plaintiff does not meet the listing requirements without providing any explanation or rationale for such a finding. With respect to Listing 1.18, the ALJ mentions the Listing was considered; yet he does not articulate what evidence was considered and/or identify any objective evidence or clinical findings relating to the listing requirements compared to Plaintiff's impairments. The ALJ's failure to specifically articulate the reasons for his conclusions prevents the Court from engaging in meaningful review of his decision. See *Workman v. Comm'r of Soc. Sec.*, No. 19CV-479, 2020 WL 5016805, at *3 (S.D. Ohio Aug. 25, 2020) (internal citations omitted) (An ALJ's "mere rote recitation of boilerplate language" at Step Three provides

10

an insufficient explanation for a conclusion regarding the meeting of a listing and, thus, requires a remand.)

Further, nowhere in the ALJ's decision does he address any of the evidence outlined by the Commissioner. Contrary to the Commissioners assertion, the ALJ did not include a discussion of the listing requirements, including Plaintiff's need for crutches, elsewhere in the decision. Namely, in his discussion of Plaintiff's RFC assessment, the ALJ found that "in an abundance of caution the undersigned has also included that the claimant would be limited to jobs in which he would be permitted to use a cane for assistance when ambulating considering his occasional swelling and falls." (Tr. 23). The ALJ never concluded that Plaintiff does not need bilateral crutches, as would be necessary to find that Plaintiff did not meet Listing 1.18. Namely, nowhere in the ALJ's decision does he mention Plaintiff's use of crutches.

Although the Commissioner argues that the ALJ's determination should be upheld because the record evidence elsewhere does not establish that Plaintiff satisfied the criteria for Listing 1.18, the ALJ included no such analysis in the decision, and this Court cannot engage in post hoc rationalizations. Notably, (arguments [crafted by defense counsel] are of no consequences, as it is the opinion given by an administrative agency rather than counsel's post hoc rational' that is under the Court's consideration. *See Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 192 (6th Cir. 2009)(internal quotations and citations omitted).

In light of the foregoing, the ALJ's failure to provide such an explanation requires remand because it prevents this Court from conducting meaningful review to determine whether substantial evidence supports her decision. *See Reynolds v. Comm'r of Soc.*

11

*Sec.,* 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))); *Allen v. Astrue*, No. 5:11-cv-95, 2012 WL 1142480, at *8 (N.D. Ohio Apr. 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation," explaining that the Court was "unable to trace the path of the ALJ's reasoning"); *Commodore v. Astrue*, No. 10-295, 2011 WL 4856162, at *4, 6 (E.D. Ky. Oct. 13, 2011) (remanding action "with instructions to provide a more thorough written analysis," where the ALJ failed to articulate the reasons for his RFC findings such that the Court could not "conduct a meaningful review of whether substantial evidence supports the ALJ's decision"); *Cote*, 2017 WL 448617, at *7 (requiring the ALJ to "build a logical bridge between the evidence and any social functioning limitations that he chooses to include in the residual functional capacity assessment").

In sum, the ALJ's Listings' analysis in the decision is not clearly articulated. As detailed above, the ALJ simply notes that listing 1.18 was considered; he does not articulate what evidence was considered and/or identify any objective evidence or clinical findings relating to the listing requirements. The ALJ's failure to specifically articulate the reasons for her conclusions prevents the Court from engaging in meaningful review of her decision.

This finding obviates the need to analyze and resolve Plaintiff's remaining contentions of error. Nevertheless, on remand, the ALJ may consider Plaintiff's remaining assignments of error, if appropriate.

12

### III. Conclusion and Recommendation

This matter should be remanded pursuant to Sentence Four of § 405(g) for further proceedings consistent with this Report and Recommendation. A sentence four remand under 42 U.S.C. § 405(g) provides the required relief in cases where there is insufficient evidence in the record to support the Commissioner's conclusions and further fact-finding is necessary. *See Faucher v. Secretary of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citations omitted). In a sentence four remand, the Court makes a final judgment on the Commissioner's decision and "may order the Secretary to consider additional evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in the first place." *Faucher*, 17 F.3d at 175. All essential factual issues have not been resolved in this matter, nor does the current record adequately establish Plaintiff's entitlement to benefits as of his alleged onset date. *Id.* at 176.

For the reasons explained herein, **IT IS RECOMMENDED THAT:** the decision of the Commissioner to deny Plaintiff SSI benefits be **REVERSED** and this matter be **REMANDED** under sentence four of 42 U.S.C. § 405(g) consistent with this opinion.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| CURTIS W. | Case No. 1:23-cv-329 |
| Plaintiff, | Cole, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).