UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**CURTIS W.,**

    **Plaintiff,**

  v.

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

Case No. 1:23-cv-329

**JUDGE DOUGLAS R. COLE**
Magistrate Judge Bowman

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (R&R, Doc. 12), which recommends that the Court return this social security case to Defendant Commissioner of Social Security (the Commissioner) for further administrative proceedings. For the reasons explained briefly below, the Court **ADOPTS** the R&R (Doc. 12) and **OVERRULES** the Commissioner's Objections (Doc. 13). Accordingly, pursuant to sentence four of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), the Court **REVERSES** the Commissioner's decision and **REMANDS** this action to the Commissioner for further administrative proceedings.

Plaintiff Curtis W.[1] filed an application for supplemental security income based on an alleged disability, arising from a combination of physical and mental impairments, that commenced on January 1, 2020. (Doc. 7-2, #42). On August 31, 2022, after holding a hearing and reviewing the medical evidence Curtis placed in the

---

[1] In the interest of privacy and under this Court's General Order 22-01, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party.

record, an Administrative Law Judge (ALJ) with the Social Security Administration (SSA) concluded that Curtis was not disabled, as that term is defined in the Social Security Act (the Act). (*Id.* at #42–53). The Appeals Council in the SSA declined to review the ALJ's decision. (*Id.* at #28–30).

So Curtis sought review in this Court on May 30, 2023. (Doc. 5). In his Statement of Specific Errors, Curtis raised several grounds for contesting the ALJ's decision. (Doc. 8). But the most pertinent here is his contention that substantial evidence did not support the ALJ's conclusion at step three of the disability analysis that Curtis's medical conditions do not meet Listing 1.18,[2] which generally governs chronic joint pain that limits mobility and requires use of an assistive device. (*Id.* at #1519–21). In particular, Curtis notes that while the ALJ outlined in his decision the requirements necessary to meet Listing 1.18, he failed to identify or to address any evidence supporting his conclusory determination that Curtis's conditions did not satisfy those requirements. (*Id.*). The Magistrate Judge agreed with Curtis's objection. (Doc. 12). Specifically, the R&R concluded that the ALJ's failure to discuss any record evidence supporting the determination that Curtis did not meet Listing 1.18 (such as citation to relevant medical evidence) meant his decision was not supported by substantial evidence. (*Id.* at #1560–61). The R&R went on to reject the

---

[2] The social security regulations set forth a five-step process by which the Commissioner assesses whether a claimant is disabled under the Act. *Stephen D. v. Comm'r of Soc. Sec.*, __ F. Supp. 3d __, 2024 WL 2204735, at *1–*2 (S.D. Ohio 2024). At step three, the ALJ assesses "whether the claimant has any medical impairments that alone or in combination equals the severity of one of the listed impairments in Appendix 1 of Subpart P of Part 404 of Title 20 of the Code of Federal Regulations (Appendix 1)[,] [because i]f so, the claimant is disabled and the inquiry ends." *Id.* at *2 (citing 20 C.F.R. § 416.920(a)(4)(iii).

2

Commissioner's argument that the ALJ had addressed Curtis's need for an assistive device, one aspect of Listing 1.18, while assaying the proper residual functional capacity (RFC) at step four of the analysis.[3] (*Id.* at #1561). As the Magistrate Judge explained, the ALJ never discussed Curtis's need (or lack thereof) for a walker, crutches, bilateral canes, or a wheeled and seated mobility device requiring use of both hands (the assistive devices that Listing 1.18 references)—rather, the ALJ merely noted (almost as an afterthought) that Curtis might need to use a cane while working (a distinct assistive device). (*Id.* (citing Doc. 7-2, #50)). And the Magistrate Judge further rejected the Commissioner's attempt to justify the ALJ's decision by the Commissioner's providing post hac record citations himself, because the ALJ, not Commissioner's counsel, was responsible for grounding his analysis in the record. (*Id.* at #1561–62).

The Commissioner timely objected to the R&R reiterating his argument that the ALJ's decision was supported by substantial evidence because (1) he added a cane restriction to Curtis's RFC and (2) the rest of the medical record reveals that Curtis does not satisfy Listing 1.18. (Doc. 13, #1567–68). Curtis thereafter opposed. (Doc. 14). The matter is ripe.

The Court, reviewing the matter de novo given the Commissioner's objections, finds no error in the Magistrate Judge's analysis. *Williams v. Parikh*, __ F. Supp. 3d __, 2023 WL 8824845, at *2–*3 (S.D. Ohio 2023). The ALJ's reasoning at step three

---

[3] At step four, the ALJ establishes a "claimant's 'residual functional capacity' (RFC), [which is] defined as 'the most [the claimant] can still do despite [his] limitations.'" *Stephen D.*, 2024 WL 2204735, at *2 (quoting 20 C.F.R. § 416.945(a)(1)).

3

lacks any evidentiary support or explanation. The ALJ simply copied the language of Listing 1.18 and then stated in a conclusory fashion that Curtis did not satisfy that standard. (Doc. 7-2, #44–45). The ALJ's discussion of Listing 1.18 at step three stands in marked contrast to his thorough analysis (just a few paragraphs later) of the medical evidence associated with Curtis's claims that he met certain other listings governing mental impairments. (*Id.* at #45–46 (describing the relevant listings, citing several medical exhibits, and analyzing why each supports the ALJ's determination that Curtis does not meet any of the relevant listings)). As caselaw makes clear, "the ALJ need[s] to actually evaluate the evidence, [to] compare it to [the relevant] … Listing, and [then to] give an explained conclusion, in order to facilitate meaningful judicial review. Without [such an explanation], it is impossible to say that the ALJ's decision at Step Three was supported by substantial evidence." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 416 (6th Cir. 2011). That rule of law compels a reversal here: the ALJ's so-called analysis of Listing 1.18 amounted to nothing more than "mere rote recitation of boilerplate language, … [which constitutes] an insufficient explanation for his conclusion regarding the [claimant's failure to] meet the listing and, thus, requires a remand." *Workman v. Comm'r of Soc. Sec.*, No. 1:19-cv-479, 2020 WL 5016805, at *3 (S.D. Ohio Aug. 25, 2020) (cleaned up).

It does not matter, as the Commissioner contends, that the ALJ made an off-hand reference to a cane during the RFC determination at step four of the analysis. (Doc. 13, #1567–68). To begin with, the ALJ's decision to add a cane limitation was done in the context of establishing an RFC (assessing what Curtis could or could not

4

do)—not in the context of whether the mobility limitations were severe enough to meet a specific listing. The inquiries (i.e., the Listing and RFC analyses), while related in that the medical evidence relevant to each may well overlap, are nonetheless not the same: the former asks about the severity of an impairment, while the latter looks at the scope of an individual's capabilities given the alleged disability. *Stephen D. v. Comm'r of Soc. Sec.*, __ F. Supp. 3d __, 2024 WL 2204735, at *1–*2 (S.D. Ohio 2024). And for that reason, it is not clear that the ALJ's decision to add "a cane" limitation would have led him to reject other assistive devices in the context of comparing the severity of Curtis's impairments to Listing 1.18.

Perhaps more importantly, reaching any conclusion about the result at step three based on the tacit implications of a statement made in connection with step four requires pure speculation. That is particularly true here given that the ALJ does not appear to have discussed Curtis's use of crutches over the several months after his June 2021 leg surgery. (Doc. 7-8, #1155, 1170–72, 1181, 1189, 1194, 1206, 1225). And the ALJ's decision to add "a cane" limitation to Curtis's RFC merely out of "an abundance of caution," (Doc. 7-2, #50), implies this limitation had been added without the ALJ's considering the relative merits of distinct assistive devices (e.g., a walker versus a single cane versus bilateral canes versus crutches). Given each assistive device implicates distinct mechanics and addresses particular mobility concerns, it would take nothing short of post hac rationalizations to conclude that the ALJ's rote recitation of Listing 1.18 and off-hand reference to use of a cane later on in the opinion amounted to his determining based on the medical evidence that Curtis had no need

5

to use other assistive devices. *Cf. Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014) (affirming the district court's judgment not to reverse the Commissioner's decision despite the ALJ's conclusory explanation at step three, because the ALJ's RFC analysis described concrete activities the claimant had taken that demonstrated his ability to ambulate without assistive devices). The Court may not indulge the Commissioner's ex post reasoning. *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 192 (6th Cir. 2009).

And that same rule bars the Court from considering the Commissioner's second order argument that other evidence in the record could support the ALJ's decision—weighing such medical evidence is the province of the agency, not the Court. *Calcutt v. Fed. Deposit. Ins. Corp.*, 598 U.S. 623, 629 (2023) (reversing summarily to remind courts that "if the grounds propounded by the agency for its decision 'are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis'" (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947))). True, the ALJ ultimately may reach the same conclusion. But that is for him to do on remand in the first instance by providing a non-conclusory explanation for his reasoning citing the relevant medical evidence in the record.

Altogether, the Court agrees with the Magistrate Judge that the ALJ's analysis at step three regarding Listing 1.18 was defective under governing law. *Reynolds*, 424 F. App'x at 416 (collecting cases). So the Court **ADOPTS** the R&R (Doc. 12) and **OVERRULES** the Commissioner's Objections (Doc. 13). Accordingly, pursuant to

sentence four of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), the Court **REVERSES** the Commissioner's decision and **REMANDS** this action to the Commissioner for further administrative proceedings.

The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

**SO ORDERED.**

August 19, 2024
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**